JOHN A. MEYERS, PLAINTIFF IN ERROR, v. LEPOIDEVIN & COMPANY, DEFENDANTS IN ERROR.

**Jurisdiction:** SUMMONS. Action against M. and L. to foreclose mechanic's lien. Prayer for judgment against M. for $116.16 and interest, and that " this mechanic's lien be established and enforced against the building and leasehold aforesaid." Allegation that M., out of materials furnished by plaintiff, had erected the building on a lot belonging to L., which M. held by lease. No prayer for judgment against L. No service of summons was had on M., either actual or constructive. L., who was served, appeared and demurred to the petition, which demurrer was overruled. M. was defaulted (though never served)

and judgment rendered against him for $116.16; that the premises be sold to pay the same, and *defendants* foreclosed of all equity of redemption. *Held*, on error brought by M., that the district court had not jurisdiction to render such judgment.

This was an action brought in the district court of Gage county by LePoidevin & Co. against Meyers and La Selle to recover $116.16, and foreclose a mechanic's lien on a lot belonging to La Selle, which Meyers held by lease.    Meyers was not served with summons.    La Selle was; appeared in the action, and filed a demurrer, which was overruled.    Thereupon the court, presided over by GASLIN, J., in the absence of WEAVER, J., rendered judgment against Meyers for $116.16 and costs, and foreclosing the lien upon the premises described in the petition, and barring both Meyers and La Selle from all equity of redemption therein.

*W. H. Ashby* and *L. W. Colby*, for plaintiff in error.

No appearance for defendant in error.

COBB, J.

There seems to have been no service of summons, nor indeed any summons issued against Meyers, the principal defendant in the court below.    The plaintiff below filed an affidavit of the non-residence of Meyers as a foundation for substituted or constructive service, but failed to follow it up by either a notice published in a newspaper or service of a summons out of the state.    It is accordingly very clear that the district court had no jurisdiction of the person of defendant Myers, and although an action to enforce a lien of this kind is in the nature of a proceeding *in rem*, yet the judgment is partly *in personam;* and even were it not in order to give the court jurisdiction to hear and determine the matter at all, it was necessary that either

actual or constructive service of a summons in the case be first made on the principal defendant.

Plaintiff in error in his brief claims that the affidavit is not sufficient. I do not deem it necessary to examine that question, because, however liberally this court might be disposed to construe the law as to forms, the service of summons is the foundation of jurisdiction, and where that is entirely wanting, as in this case, all subsequent proceedings must fail.

The judgment of the district court must be reversed.

REVERSED AND REMANDED.